U.S. Department of Justice



Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

April 26, 2006

**FILED**

**MAY 0 8 2006**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>VIA U.S. Mail and Facsimile (202/208-7515)</u>

Dani Jahn, Esquire
Office of the Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004

    Re:   <u>United States v. John Robert Ross</u>,
           Criminal Case No. 06-100 (JDB)

Dear Ms. Jahn:

      This letter sets forth the revised plea agreement this Office is willing to enter into with your client, John Robert Ross. The offer expires on **Friday, May 5, 2006**. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

      1. **Charges**. Your client agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code § 871 (threats against President). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The attached "**Statement of the Offense**," **Attachment A** hereto, is a fair and accurate description of the evidence the government believes it can prove regarding your client's actions. Your client accepts the factual proffer and accepts responsibility for the conduct described in the Statement of the Offense. Prior to the Rule 11 plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence by the United States.

      2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to Title 18, United States Code §§ 871, 3571(b)(3), the charge carries a maximum penalty of five years of imprisonment and the imposition of a $250,000 fine. Your client

Initials: DJ/JR

understands that pursuant Title 18, United States Code § 3583(b), he will also be subject to a term of supervised release after imprisonment of not more than three years.

   3. **Threat Assessment Debriefing.** Your client further agrees that, prior to sentencing, he will cooperate and debrief with any special agent, mental health professional, or other designated individual specified by the United States Secret Service for the sole purpose of completing a Secret Service threat assessment. The government agrees that no information provided pursuant to such a debriefing will be used against the defendant in determining the applicable guideline range.

   4. **Detention pending sentencing.** Your client agrees not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to Title18, United States Code § 3143, your client remain detained without bond pending your client's sentencing in this case.

   5. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to have the grand jury return an Indictment against him; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

   Your client understands that the Fifth Amendment to the Constitution of the United States prevents your client from being compelled to incriminate himself in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

   6. **Sentencing Guidelines.** Your client understands that the United States Sentencing Guidelines (hereinafter "Sentencing Guidelines" or "USSG") are advisory, but that the Court must consider them in determining an appropriate sentence. Your client agrees and understands that even though the Sentencing Guidelines are not binding upon the Court, the Court nevertheless should consult the Sentencing Guidelines in determining an appropriate sentence. Accordingly, the parties agree and understand that the defendant's sentence will be determined by reference to the Sentencing Guidelines. The government's determination at this point as to how the Sentencing Guidelines apply to your client is described in the attached **Application of the Sentencing Guidelines to John Robert Ross, Attachment B** hereto.

   Your client agrees that the United States can demonstrate by a preponderance of the evidence facts sufficient to establish that your client's offense level is as outlined in Attachment B hereto. Under the calculations outlined in Attachment B hereto, your client's total adjusted offense level is 18. The government agrees that the base offense level for the crime to which

your client is pleading guilty should be decreased by three levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to USSG § 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office, or the government concerning any issue relevant to the imposition of sentence. A downward adjustment of 3 levels for acceptance of responsibility will bring your client's adjusted offense level to 15. With an expected criminal history category of I, the Sentencing Guidelines range is 18-24 months.

The government agrees that it will not seek any increases in your client's base offense level other than by application of those adjustments agreed to by your client in this agreement. Specifically, the government agrees not to seek a 6-point enhancement based upon USSG § 2A6.1(b)(1). The government further agrees that it will not seek an upward departure from the otherwise applicable range established by the Sentencing Guidelines. Your client agrees that he will not seek a downward departure or any decrease from the otherwise applicable range established by the Sentencing Guidelines.

Your client fully and completely understands that the final determination of how the United States Sentencing Guidelines apply to this case will be made solely by the Court and that the above calculations or recommendations are not binding upon the Court or the United States Probation Office. Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

Finally, your client is aware that federal law, specifically Title 18, United States Code § 3742, affords him the right to appeal his sentence. It is agreed (1) that your client will not file a direct appeal of any sentence within or below the stipulated Sentencing Guidelines range set forth above and in Attachment B; and (2) that the Government will not appeal any sentence within or above the stipulated Sentencing Guidelines range set forth above and in Attachment B. It is further agreed that any sentence within the stipulated Sentencing Guidelines range is reasonable. This provision is binding on the parties even if the Court employs a Sentencing Guidelines analysis different from that stipulated to herein.

7. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any

proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(e)(6) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn.

Any prosecutions of your client not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced against your client in accordance with this paragraph, notwithstanding the running of the statute of limitations before the commencement of such prosecutions. Your client knowingly and voluntarily agrees to waive any and all defenses based on the statute of limitations for any prosecutions commenced pursuant to the provisions of this paragraph.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

8. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Immigration and Naturalization Service of the Department of Justice; or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

9. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor

will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

    If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement and of the attachments, and return the executed plea agreement to us. The original of this plea agreement will be filed with the Court.

                            Sincerely,

                            KENNETH L. WAINSTEIN
                            United States Attorney

                            DENISE CHEUNG
                            Assistant United States Attorney
                            National Security Section
                            D.C. Bar #451714
                            555 Fourth Street, N.W.
                            Washington, D.C. 20530
                            (202) 307-2845

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

5/8/06
Date

John Robert Ross, Defendant

I am the defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

5/8/06
Date

Dani Jahn, Esquire
Counsel for Defendant

6                                    Initials: DJ/JR