UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | **Crim. No. 06-100 (JDB)** |
| : | |
| **JOHN R. ROSS,** : | |
| : | |
| **Defendant.** : | |

## SENTENCING MEMORANDUM

On May 8, 2006, Mr. Ross plead guilty to a one-count, Information charging him with Threats Against the President, in violation of 18 U.S.C. § 871. He will appear before this Honorable Court for sentencing on September 7, 2006. Mr. Ross, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

## BACKGROUND

On April 21, 2006, a one-count information was filed charging Mr. Ross with Threats Against the President, in violation of 18 U.S.C. § 871. Mr. Ross pled guilty to the information on May 8, 2006, pursuant to a written plea agreement. Pursuant to the plea agreement, the government agreed to a three-level reduction for acceptance of responsibility, pursuant to §3E1.1. Further, both parties agreed that a sentence within the applicable guideline range is reasonable and that neither party would be seeking a sentence outside of the applicable guideline range.

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 18 to 24 months within Zone D. See PSR, ¶ 62, pg. 11. There are no disputes to this calculation. Mr. Ross submits that

the factors identified in 18 U.S.C. § 3553(a) support his request that he be sentenced at the low-end of the guideline range to a term of 18 months incarceration.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory.  The factors identified in 18 U.S.C. § 3553(a) support Ms. Ross's request that he be sentenced to a term of incarceration at the low-end of the calculated guideline range.  The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).  United States v. Booker, 543 U.S. 220, 260  (2005).  These factors include:  "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense."  18 U.S.C. 3553(a).  Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in

> determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence to a term of 18 months incarceration would be warranted in this matter, and that a sentence of imprisonment beyond the low-end of the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2). The Court should consider Ms. Ross' complete cooperation and assistance with law enforcement officials, including the Secret Service Agents in the case as well as other various officials who met with Mr. Ross throughout this process. Mr. Ross successfully completed a threat assessment debriefing without undersigned counsel, and it is undersigned counsel's understanding that he was fully cooperative, candid, and responsive to all questions put to him. In fact, Mr. Ross indicated in the threat assessment debriefing that his primary reason for sending these emails and letters was in large part due to his unhappiness with his situation being homeless.

Further, it should be noted that Mr. Ross has no criminal history. While Mr. Ross committed a very serious crime, he has expressed regret and remorse for his actions. He admitted to his conduct as soon as he was confronted by the law enforcement officers in this case, even providing the officers with further information about his activities. Mr. Ross agreed to waive his right to a preliminary hearing, to file any pre-trial motions, and pled guilty in a

timely fashion thereby saving scarce judicial resources.

Therefore, sentencing Mr. Ross to a term of 18 months incarceration is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Ross with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## **CONCLUSION**

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Ross respectfully submits that a sentence of 18 months incarceration is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500